## ARTHUR T. CAMERON vs. WILLARD F. CORKRAN.

New Castle County, November Term 1895.

**Slander. Malice. Burden of Proof.**—In an action of slander the plaintiff must show by a preponderance of proof that the words in substance as charged, when not actionable in themselves, were uttered with intent to wrong or injure; actual malice must be proved.

**Slander.**—All defamatory words spoken which occasion loss or damage, though not actionable in themselves, become so when special damage result therefrom.

**Same. Privileged Communication.**—A communication made in good faith, without malice, upon any subject matter, by one who has an interest in it, or a duty, legal, social, or moral, with reference to it, is privileged and the burden of proving the existence of malice is cast upon the person who claims to have been defamed.

**Same. Physician.**—The relation of physician and patient is privileged, and communications between them made without malice are protected.

**Slander. Damages.**—If in such a case the plaintiff is entitled to recovery the damages are limited to those which naturally and necessarily result therefrom; there are no exemplary damages allowed.

**Slander. Publication.**—Proof of the repetition of slanderous words by one who heard them is inadmissible to charge the defendant.

**Slander. Evidence. Res Gestæ.**—In an action of slander by a druggist against a physician who criticised the method of compounding a prescription, the effect of the medicine and the purpose of administering it may be proved as part of the circumstances of the case.

**Slander. Evidence.**—When words are actionable malice need not be proved,—it is presumed. If, however, the plaintiff does not rest on this presumption, but introduces evidence in addition, then the defendant may meet it by counter proof.

This was an action on the case for slander. The words alleged in the first count of the narr, to have been spoken, were " that pre-

scription has a mistake in it.    The druggist has made a mistake. He don't know his business anyhow;" and in the second count " No ; this was not my mistake. It was the druggist's mistake. You can see by the differance in the prescription that there is a differance in them and that the whole thing was the druggist's fault." The only plea was, not guilty.

At the trial it appeared that the defendant prescribed for the child of Mary A. Keller on the 23d of January, 1895 ; that the prescription was filled at the drug store of Arthur T. Cameron and compounded under his direction by Benjamin B. Allen.    The medicine was administered to the child, and shortly afterwards it was taken very ill, and Dr. Corkran was sent for.    Upon visiting the child, he immediately called for the medicine, and after testing it, Mrs. Katharine Ford testified that he said to her, in the presence of her sister, Mrs. Keller, " the ingredients are there, but it is not compounded right.    He is like a good many other druggist's, he does not understand his business."    That he then wrote another prescription and said, " you had better send that to Danforth's ; I (meaning Dr. Corkran) can always do better there," and that he then said they were both alike. It was proven that the prescriptions were not alike, that the doctor visited the child three more times on that day and continued his visits until the second day thereafter, when he was discharged.    Dr. Corkran testified that when he made his second visit, he found Mrs. Kellar very much excited, and that she said, " I know the medicine is wrong.    I took it to Cameron's and he left a boy to fill it.    Oh, why did I do it !" and he said to her, " It is strange that he will leave a boy there, who like a good many others do not understand their business." That he tested the medicine with litmus paper and said: " The ingredients are all there; if I was going to question anything I might question the syrups ;" he examined the child, and finding the medicine had had the effect that he had intended ; wrote another prescription and said:    " Now send this to Danforth's ;" that he had ordered the first prescription to be sent there, as he sometimes designated the

druggist. He denied speaking the words alleged, and also that he said the prescriptions were the same.

Katharine Ford was asked, " Did you repeat to any one the conversation you heard that day at Mrs. Kellar's on the part of Dr. Corkran ?"

*Ward,* for the defendants, objected on the ground that the repetition is not the natural and probably intended consequence of defendant's act. The repetition may constitute a new ground of action against the witness ; and the original defendant cannot be held responsible for any new cause. Newell, Defamation 779 ; 2 Greenl. Ev. § 420 ; *Terwilliger vs. Wands,* 17 N. Y. 54 ; *Dixon vs. Smith,* 5 H. & N. 450.

*Hilles,* for the plaintiff. There is a difference where the words are actionable *per se* and where not. Where words attribute unfaithfulness in a trade or profession, they are actionable *per se.* In a case of that kind the law will presume some damage. Having proved the fact that he is entitled to nominal damages, he can go further and show the extent of the actual damages that he has suffered. Newell, Defamation 877.

LORE, C. J.: The distinct question before us now is, whether, having uttered these words to the witness and the witness seeing fit to utter them to somebody else, he can be held liable for the damages growing out of her utterance. We do not think it admissible. In libel your proposition is true, to this extent. The libel is the utterance by the defendant, being the written expression, and if he circulates a million of those and if it goes among a million people, it is much worse than if it goes only to one ; so if a man utters a slander in the presence of fifteen people, it is worse than if spoken only in the presence of one. But if he utters it to one man and that man of his own volition repeats it to others, that is a distinct wrong, for which we think this defendant cannot be held liable. It is not the natural result of the original slander. Objection sustained.

The plaintiff here closed his case, and *Ward*, for the defendant, moved for a non-suit, upon the following grounds :

In an action of slander, so many of the words must be proved, as will establish the slander. Other words of similar import, or equivalent words, if proven, will not sustain the action. Newell, Defamation 504-5, §§ 48-51.; *Wilborn vs. Odell*, 29 Ill. 456 ; *Fox vs. Vanderbeck*, 5 Cowen 513 ; *Payson vs. Macomber*, 55 Mass. 69 ; *Doherty vs. Brown*, 10 Gray 250 ; *Olmstead vs. Miller*, 1 Wend. 506 ; *Norton vs. Gordon*, 16 Ill. 36 ; *Slocumb vs. Kuykendall*, 2 *id.* 187 ; *Wheeler vs. Robb*, 1 Black 330 ; *Linville vs. Earlywine*, 4 *id.* 469 ; *Creelman vs. Marks*, 7 *id.* 281 ; *Rex vs. Berry*, 4 Term 217 ; *Barnes vs. Holloway*, 8 *id.* 150 ; *Goslin vs. Cannon*, 1 Harring. 3 ; *Eccles vs. Shannon*, 4 *id.* 193 ; *Kennedy vs. Woodrow*, 6 Houst. 46.

A privileged communication is one made in good faith upon any subject matter in which the party communicating has an interest, or in reference to which he has, or honestly believes he has, a duty to a person having a corresponding interest or duty, and which contains matter which, without the occasion upon which it is made, would be defamatory and actionable. Newell, Defamation §§ 124, 69, 70, 72, 78 ; *Harrison vs. Bush*, 5 El. & Bl. 348 ; Addison on Torts, § 1091 ; *Lovell Co. vs. Houghton, et al.*, 116 N. Y. 520, 525 ; *Lewis & Herrick vs. Chapman*, 16 N. Y. 369, 375.

When the statement complained of is a privileged communication, the plaintiff, in order to recover, must prove actual malice or malice in fact; Newell, Defamation, 390-1, 393, 770; *White vs. Nichols*, 3 How. 287, 291 ; *Briggs vs. Garrett*, 111 Pa. 414 ; *Washburn vs. Cooke*, 3 Denio 110 ; Addison on Torts, § 1091 ; *Harrison vs. Bush*, 5 El. & Bl. 344 ; *Twogood vs. Spyring*, 1 Cr. M. & R. 181, 193 ; *Clark vs. Molyneux*, L. R. 3 Q. B. D. 237, 246-249, 251.

In case of a privileged communication, actual malice must be proved before there can be a recovery ; and in the absence of such proof, a nonsuit should be granted. Newell, Defamation 391, 456, 832 ; Addison on Torts, § 1091 ; *Clark vs. Molyneux*, L. R.

3 Q. B. D. 249, 251 ; *Spill vs. Maule,* 4 Exch. 232 ; *Stewart vs. Young,* L. R. 5 C. P. 122, 128 ; *Somerville vs. Hawkins,* 10 C. B. 583 ; *Harris vs. Thompson,* 13 *id.* 333, 348 ; *Taylor vs. Hawkins,* 16 Q. B. 306 ; *Briggs vs. Garrett,* 111 Pa. 404.

*Cooper* and *Hilles,* for the plaintiff.

The motion for a non-suit was denied and the trial proceeded with .the examination of witnesses for the defendant.

Dr. Corkran, the defendant, being called as a witness, was asked : What was the effect of the medicine and for what purpose was the medicine given.

*Hilles,* for the plaintiff, objected on the ground that the question was immaterial. The only plea in this case is not guilty. The only issues are, were the words spoken, were they maliciously spoken and what are the damages ?

*Ward,* for the plaintiff. All the surrounding circumstances and facts are admissible to show malice or the absence of malice.. We desire to show that the prescription was given for a certain effect and that effect was obtained, and not whether it was right or wrong. It is admissible upon the question of malice.

LORE, C. J.: We think the questions are admissible as calling for part of the facts of this case.

*Ward,* for the defendant, asked the same witness the question :
" Did you test the medicine as compounded ; if so, state the result of your test, whether it showed that the prescription was compounded properly or not ?"

*Hilles,* for the plaintiff, objected. Under the plea of not guilty no evidence can be introduced which proves or tends to prove the truth of the words spoken or the absence of malice, malice itself being implied from the words, nor can he give evidence of their

truth for the purpose of mitigation of damages.   1 Harring. 503 ; 3 *id.* 397, 379 ; 4 *id.* 520 ; 6 Houst. 52.

*Ward,* for the defendant.   Under the general issue, the defendant cannot of his own motion be permitted to show the truth of the words spoken, yet when the matter of the truth or falsity is opened by the plaintiff, and evidence is given of the falsity for the purpose of showing malice, under those circumstances, the question having been opened by the plaintiff, the defendant can put in evidence upon the same point to disprove malice.   2 Greenleaf, Evidence § 421 ; Newell, Defamation 771 ; 2 Stark. Slander 59 ; *Brown vs Croome,* 2 Stark. 298.

LORE, C. J.:   Malice is implied from the words which are actionable in themselves.   You may rely upon them, and that goes to the jury as proof ; but not relying upon them, if you see fit to introduce facts, declarations or acts, outside of the presumption, to prove malice, it would be a great wrong not to permit the defendant to meet them.   Objection is overruled and the question is admitted.

*Peter L. Cooper* and *W. S. Hilles,* for the plaintiff asked the Court to instruct the jury, as follows:

1. If the jury shall believe from the evidence that the words alleged in the narr were spoken by the defendant touching the plaintiff in his profession, the law will imply malice and the plaintiff is entitled to nominal damages.   Newell, Defamation 167, 170, 181, 182, 189 ; Odgers, Lib. & Sl. 64, 69, 75 ; *Ingram vs. Lawson,* 6 Bing. N. C. 212 ; *Fitzgerald vs. Redfield,* 51 Barb. 484 ; *Collier vs. Simpson,* 5 C. & P. 73 ; *Summer vs. Uteby,* 7 Conn. 258 ; *Garr vs. Selden,* 6 Barb. 416 ; *Rice vs. Simmons,* 2 Harring. 417, 423 ; *Kenney vs. Hosea,* 3 *id.* 397, 400 ; *Prettyman vs. Shockley,* 4 *id.* 112.

2. When the false words touch a man in in his trade or business they are actionable *per se* and the law implies damages, to as-

Argument.

certain the amount of which the jury are to consider not only past but future loss, and loss. of income and business arising therefrom. Newell, Defamation 864, 868, 847; Odgers, Libel and Slander 293. *Ingram vs. Lawson*, 6 Bing. N. C. 212; *Evans vs. Harris*, 1 H. &. N. 251; *Mallory vs. Pioneer-Press Co.*, 34 Minn. 521.

3. The amount of damages is absolutely in the discretion of the jury; Newell, Defamation 847, 848; Odgers, Libel and Slander, 291, 293; *Parke vs. Blackiston*, 3 Harring. 373, 378; *Goslin vs. Cannon*, 1 *id.* 3, 6.

*H. H. Ward*, for the defendant, asked for instructions, as follows:

1. The jury must first be satisfied from the evidence that the defendant spoke the words charged in the declaration substantially and in manner and form as they are therein alleged.

2. If the jury believe that the defendant made the statements concerning the plaintiff, charged in the declaration, they must consider the occasion of the making of such statements a privileged one, and must consider such statements as privileged communications, and in the absence of satisfactory proof of actual malice on the part of the defendant towards the plaintiff then existing, must give the verdict for the defendant.

3. The occasion of the making the alleged statements concerning the plaintiff, was a privileged occasion, and the said statements were privileged communications; that before the plaintiff can recover against the defendant, the plaintiff must by his proof satisfy the mind of the jurors that the defendant was actuated by actual malice against the plaintiff in making such statements concerning him. If the jury are not satisfied from the whole evidence of the case, that the defendant was moved by actual malice toward the plaintiff in making such alleged statements, their verdict should be for the defendant.

4. If the jury find a verdict for the plaintiff the damages which they should assess against the defendant must be limited to the actual and necessary damages which legally result from the making of the alleged statements by the defendant concerning the plaintiff on the occasion proven, and should include any damages which may have resulted from any repetitions of the alleged statements by other persons.

CULLEN, J., (charging the jury.)

This is an action on the case brought by Arthur T. Cameron, the plaintiff, a druggist, against Millord F. Corkran, the defendant, a physician, to recover damages for slanderous words alleged to have been uttered by the defendant of the plaintiff in relation to the improper compounding of a prescription. The prescription was ordered by the defendant for the sick child whom he was attending, and was compounded and put up under the care and direction of the said plaintiff on the 23d day of January, A. D. 1895.

It is alleged and charged in the narr in this case, on the part of the plaintiff, that the defendant ordered a prescription to be put up for a patient, a young child, on January 23d, 1895, which said prescription the plaintiff claims was well and skillfully put up ; and that the defendant falsely and maliciously uttered the following words : " That prescription has a mistake in it. The druggist has made a mistake. He don't know his business anyhow," with an innuendo that, by reason of the negligence and carelessness, and for want of skill on the part of the plaintiff, as a druggist, the said child was made ill from the effects of said prescription.

In another count in the narr, the defendant is charged as maliciously and falsely uttering, in relation to the prescription, the following defamatory words : " No, this was not my mistake, it was the druggist's mistake, you can see by the difference in the prescription that there is a difference in them, and that the whole thing was the druggist's fault."

The plaintiff contends that the words set forth and charged in the narr, as uttered and spoken were false and malicious, and by

Charge.

reason thereof he was greatly injured and damaged in his business, and he seeks in this action to recover damages for the loss he claims to have sustained.

The defendant says he is not guilty; that the words uttered by him were such as are termed a privileged communication, and as such, were not said with any malicious motive or intent.

To recover in this case, the plaintiff must show to your satisfaction, by a preponderance of proof that the words in substance as charged were uttered with intent to wrong or injure; actual malice must be proved. All defamatory words spoken which occasion loss or damage, though not actionable in themselves, become so when special damage is proved to have resulted from their utterance. Such is the law and to this you are to apply the evidence which has been offered.

Do you believe from the evidence offered in this case, that the defendant uttered in substance the words charged, with an evil intent to wrong the plaintiff? Did he utter the words knowing they were false? Were they uttered maliciously? How were these words uttered; with express malice? That must be proved to your satisfaction; it is neither implied nor presumed. It may be proved either directly or indirectly, from all the proof and circumstances surrounding the case, as stated in a late opinion by the Chief Justice in the case of *Nailor vs. Ponder*, 1 Marvel 408. Was the plaintiff injured by the proof adduced in this case, by the utterance of those words and did he thereby suffer loss in his trade and business, if so there was actual or expressed malice. Does the evidence in this case satisfy you, that taking all the testimony offered there was an uttering of those words charged on the part of the defendant, knowing them to be false and untrue. If then you believe the plaintiff has satisfactorily proved these facts, he is entitled to a verdict at your hands.

The defendent, under the plea of not guilty, though still denying the uttering of the words charged, has set up the defense, that though he uttered the words charged in substance, he had a right

to do so, because it was a privileged communication, which defense, if proved constitutes a complete defense to this action.

It is for you then to determine from the evidence in this case, if the information imparted by the defendant was a privileged communication made *bona fide* without malice. "A communication made in good faith upon any subject matter, in which the party communicating has an interest, or in reference to which he has a duty, either legal, moral or social if made to a person having a corresponding interest or duty, is privileged, and the burden of proving the existence of malice is cast upon the person claiming to have been defamed ; Newell, Defamation and Slander.

A communication to be privileged must at the very outset be made with an intent to bestow a benefit, not to injure anyone; it must be *bona fide*, and if such be satisfactorily proven and the circumstances be such as to render it right and proper that the defendant should plainly state, fully and fairly, the plaintiff's character, the communication would be privileged, even though it be false, if honestly stated, with no evil intent. If then you believe that the words uttered were spoken by the defendant and the information given at the time stated *bona fide*, giving a warning as a physician to a party interested and who ought to know, with no desire or intent to injure the plaintiff, then the communication was privileged and your verdict should be for the defendant.

Applying the law, as above stated to this case, we say to you that the relation of physician and patient and those in attendance is a privileged relation and that the words proved to have been uttered in this case, were privileged, unless from the circumstances surrounding the case you are satisfied by the evidence that they were uttered falsely and maliciously. But, if from the evidence you are satisfied that the defendant was moved and governed by bad motives, an evil intent, or bad faith ; that what he uttered he knew to be false, and it was said to gratify some malice or ill-will, or protect himself from censure, then your verdict should be for the plaintiff. We must say to you that when a communication is of a privileged character, and it is interposed as a defense, the burden of proof is

Charge.

shifted from the defendant to the plaintiff, and he is bound to prove to your satisfaction actual malice, or that good faith was wanting. In the decision of this matter of privileged communication, you must take into consideration all the proof and circumstances surrounding the case, as well as the position of the parties, and then arrive at your conclusion with reference to the the true intent and meaning with which these words were uttered.

The principles upon which we have stated the law in relation to privileged communication, and the right of the jury to determine the *bona fides* upon which the facts submitted are sustained by the following citations: *Twogood vs. Spyring,* 1 Cr. M. & R. 181; *Padmore vs. Lawrence,* 11 Ad. & El. 380.

We must say to you as requested by defendant's counsel, that should your verdict be for the plaintiff, you should assess against the defendant damages limited by the natural and necessary damages which legally result in the making of the alleged statements by the defendant, concerning the plaintiff on the occasion proven, without reference to repetitions of the alleged statements by others this is not a case for exemplary damages. We say to you in the language used in the case of *Naylor vs. Ponder,* " where evidence is conflicting as in this case, you should harmonize it if you can, and deduce from all the evidence a just conclusion. If unable so to harmonize it, you should accept such evidence as from all the circumstances is most credible, taking into consideration the reasonable probability of the case, and the apparent knowledge, intelligence and fairness of the witnesses and their opportunities for obtaining correct information.

*Verdict not guilty.*